UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGELA HOLT, | : |
| | : Civil Action No. 05-1529(SDW) |
| Plaintiff, | : |
| v. | : |
| | : |
| THE PRUDENTIAL INSURANCE | : **OPINION** |
| COMPANY OF AMERICA, ET AL., | : |
| | : April 5, 2007 |
| Defendants. | : |

**WIGENTON,** District Judge.

This matter comes before the Court by way of Plaintiff Angela Holt's Appeal of United States Magistrate Judge Madeline Cox Arleo's ("Judge Arleo") September 8, 2006 Order Denying Plaintiff's Motion for Reconsideration as to the June 8, 2006 Order Granting Defendants' Motion for a Protective Order.  The Court, having considered the parties' submissions and having decided the motions without oral argument pursuant to Fed. R. Civ. P. 78, and for the reasons set forth below, Plaintiff's Appeal is **DENIED**.

**I.     BACKGROUND**

On September 15, 2006 Angela Holt ("Plaintiff") filed this Appeal of Judge Arleo's September 8, 2006 Order denying her Motion for Reconsideration as to the Court's June 8, 2006 Order granting The Prudential Insurance Company of America, Prudential Financial, and The Matheny School Long Term Disability Plan ("Defendants") a protective order limiting discovery.

1

In her ruling, Judge Arleo determined that she need not set the standard of review to be applied because under either standard of review, discovery beyond the administrative record is not allowed in this case with the exception of discovery regarding a conflict of interest between defendants. Plaintiff seeks that this Court find Judge Arleo's ruling clearly erroneous or contrary to law.

**II.     JUDGE ARLEO'S MAY 15, 2006 RULING AND JUNE 8, 2006 ORDER**

The parties were before Judge Arleo on May 15, 2006 for oral argument. At oral argument, Plaintiff's counsel argued that her client was entitled to more discovery than the administrative record under Pinto v. Reliance Standard Life Ins. Co. 214 F.3d 377, 378 (3d Cir. 2000). Judge Arleo however, ruled that under Pinto and other Third Circuit cases, Plaintiff was only entitled to discovery outside the administrative record in regard to the subject of conflict of interest between Prudential and Matheny[1]. Judge Arleo granted Plaintiff's discovery request regarding the conflict of interest due to the fact that Prudential both funds and administers the plan[2]. Plaintiff's request for discovery pertaining to procedural irregularities, the completeness of the administrative record and bad faith was denied.

On June 13, 2006, Plaintiff filed a Motion for Reconsideration contending that Judge Arleo overlooked controlling case law that supports Plaintiff's position that discovery should be granted. Plaintiff raised two issues before the court: (1) whether Plaintiff is entitled to discovery in this case and (2) what standard of review should be applied. Judge Arleo held that Plaintiff

---

[1]The Matheny School, Plaintiff's employer, purchased a Group Long Term Disability Policy from The Prudential Insurance Company.

[2]It is undisputed that Prudential both funds and administers the subject ERISA plan. (Tr. 11, May 15, 2006).

2

had not offered any controlling case law which the court had overlooked and denied Plaintiff's Motion for Reconsideration.

Plaintiff now requests that this Court find that Judge Arleo's decision not to determine a standard of review was incorrect. Further, Plaintiff contends that the *de novo* standard is appropriate to review the denial of her benefits and that her discovery requests are permissible under either the *de novo* or arbitrary and capricious standards of review.

### III.  STANDARD OF REVIEW FOR APPEALS OF UNITED STATES MAGISTRATE JUDGE ORDERS

The Federal Magistrates Act provides two separate standards of judicial review: (1) "de novo" for magistrate resolution of dispositive matters and (2) "clearly erroneous or contrary to law" for magistrate resolution of nondispositive matters. 28 U.S.C. § 636(b)(1)(B)-©, 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Rule 72.1(a) of the Local Rules of the United States District Court for the District of New Jersey; Cipollone v. Liggett Group, Inc., 785 F.2d 1108 (3d Cir. 1986). Because the issues raised by the defendant are nondispositive discovery matters, this Court can set aside Judge Arleo's order only if it is clearly erroneous or contrary to law.

A finding is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law. "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on consideration of the entire evidence is left with the definite and firm conviction that a mistake has been committed." Lo Bosco v. Kure Engineering Ltd., 891 F.Supp. 1035, 1037 (D.N.J.1995) (quoting United States v. Gypsum Co., 333 U.S. 364, 395 (1948)). The Third Circuit has interpreted this to mean that the appellate court must accept the factual determination of the fact finder unless that determination "either (1) is completely devoid of

minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data." Haines v. Liggett Group Inc., 975 F.2d 81, 92 (3d Cir. 1992) (quoting Krasnov v. Dinan, 465 F.2d 1298, 1302 (3d Cir.1972)).

In reviewing a magistrate judge's factual determinations, a district court may not consider any evidence which was not presented to the magistrate judge. See Haines, 975 F.2d at 92; Lithuanian Commerce Corp. v. Sara Lee Hosiery, 177 F.R.D. 205, 213 (D.N.J.1997). Under the clearly erroneous standard of review, the reviewing court will not reverse the magistrate judge's determination "'even if the court might have decided the matter differently.'" Cardona v. General Motors Corp., 942 F.Supp. 968, 971 (D.N.J. 1996) (quoting Toth v. Alice Pearly, Inc., 158 F.R.D. 47, 50 (D.N.J. 1994) (citing Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985))).

Furthermore, "[w]here a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion." Cooper Hospital, 183 F.R.D. at 127. "This deferential standard of review is 'especially appropriate where the Magistrate Judge has managed this case from the outset and developed a thorough knowledge of the proceedings.'" Id. (quoting Public Interest Research Group v. Hercules, Inc., 830 F.Supp. 1525, 1547 (D.N.J.1993), aff'd on other grounds and rev'd on other grounds, 50 F.3d 1239 (3d Cir.1995)).

## IV.	STANDARD OF REVIEW FOR THE DENIAL OF BENEFITS CHALLENGED UNDER ERISA

The United States Supreme Court has held that the denial of benefits challenged under the Employee Retirement Income Security Act of 1974 ("ERISA") "is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan."  Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989).  Where a plan yields discretionary authority to the administrator, a district court must review the denial of benefits under an arbitrary and capricious standard.  Fahringer v. Paul Revere Ins. Co., 317 F. Supp. 2d 504, 510 (D.N.J. 2003).  Further, if a plan gives discretion to a fiduciary or administrator "who is operating under a conflict of interest, that conflict must be weighed as a 'facto[r] in determining whether there is an abuse of discretion.'"  Firestone, 489 U.S. at 115 (quoting Restatement (Second) of Trusts § 187, Comment d (1959)).  The Court of Appeals for the Third Circuit has held that "when an insurance company both funds and administers benefits, it is generally acting under a conflict that warrants a heightened form of the arbitrary and capricious standard of review."  Pinto, 214 F.3d at 378.  The heightened standard will also apply in cases of "**demonstrated** procedural irregularity, bias, or unfairness in the review of claimant's application for benefits."  Kosiba v. Merck & Co., 384 F.3d 58, 66 (3d Cir. 2004) (emphasis added).

V.    **EVIDENCE CONSIDERED UNDER EACH STANDARD OF REVIEW**

In ERISA cases, the evidentiary scope of judicial review has been purposefully limited to "encourage the parties to resolve their disputes at the administrator's level." O'Sullivan v. Metro. Life Ins. Co., 114 F.Supp.2d 303, 309 (D.N.J. 2000) (citing Vega v. National Life Ins. Servs., Inc., 188 F.3d 287, 300 (5th Cir. 1999)). By limiting the evidentiary scope and not permitting claimants to present additional evidence that was not before the plan administrator, district courts ensure that the administrator's review of claims is not circumvented. Id. Further, limiting discovery promotes "ERISA's goal of providing plan participants and beneficiaries an expeditious and inexpensive method of resolving their disputes." Id. (citing Perry v. Simplicity Eng'g., 900 F.2d 963, 967 (6th Cir. 1990)).

Under the *de novo* standard of review, the court is not confined to the administrative record and may "pursue whatever further inquiry it finds necessary or proper to the exercise of the court's independent judgment." Luby v. Teamsters Health, Welfare, and Pension Trust Funds, 944 F.2d 1176, 1184-85 (3d Cir. 1991) (quoting Doe v. United States, 821 F.2d 694, 698 n.9 (D.C.Cir. 1987). The district court does not need to conduct a *de novo* evidentiary hearing or a full trial and has discretion over the extent of the additional evidence. Id. at 1185. When applying the arbitrary and capricious standard of review, the court is limited to "that evidence that was before the administrator when he made the decision being reviewed." Mitchell v. Eastman Kodak Co., 113 F.3d 433, 440 (3d Cir. 1997). Under the heightened arbitrary and capricious standard, the court may consider evidence beyond the administrative record and may consider such factors as "the sophistication of the parties, the information accessible to the parties, ... the exact financial arrangement between the insurer and the company... [and] the

current status of the fiduciary." Pinto, 214 F.3d at 392.  Courts apply the heightened standard when there is a demonstrated conflict of interest, "procedural irregularity, bias, or unfairness in the review of claimant's application for benefits."  Kosiba, 384 F.3d at 66.

## VI.     DISCUSSION

Magistrate Judge Arleo did not err in refusing to decide whether the *de novo*, arbitrary and capricious, or heightened arbitrary and capricious standard of review applied to the merits of Plaintiff's case.  Precedential opinions within the Third Circuit have not established that a magistrate judge must make a determination regarding the standard of review applicable to a challenge of a plan administrator's decision under ERISA during the discovery stage.

Plaintiff contends that determination of the standard of review is a threshold issue.  (Def. Br. 2.)  However, Plaintiff has failed to cite to a binding Third Circuit opinion that requires the magistrate judge to make a determination at the discovery phase as to what standard of review will apply to the merits of an ERISA case.  One of the cases cited by Plaintiff for this proposition is from the Middle District of Pennsylvania, where the court stated that "the scope of discovery depends on the standard of review."[3]  Amitia v. Metro. Life Ins. Co., 2006 WL 1094586, at *4 (M.D. Pa. 2006).  However, this quote is out of context as Amitia does not direct a court to

---

[3]Plaintiff cites three additional cases for the proposition that the court must set a standard of review at the discovery stage.  Two of these cases deal with summary judgement and the other is not an ERISA case.  See  Fahringer v. Paul Revere Ins. Co., 317 F.Supp. 2d 504 (D.N.J. 2003) (granting summary judgment and holding that the plan administrator's determination was not arbitrary and capricious);  Post v. Kidspeace Corp., 98 Fed. Appx. 116, 119 (3d. Cir. 2004) (unpublished opinion) (finding that the standard of review is a threshold matter when reviewing a summary judgment determination on appeal); Eisenman v. Continental Airlines, 974 F. Supp. 425, 429 (D.N.J. 1997) (finding that determining the standard of review applicable when reviewing a magistrate judge's decision of a non-dispositive motion in a tax refund case is a threshold matter).

determine the standard of review during the discovery stage or when resolving discovery disputes.  See Id.  The Amitia court dealt with a summary judgment determination in conjunction with a motion to strike exhibits.[4]  Id.   There, the court held that medical records not considered by a plan administrator were barred from examination by a court on summary judgment when the denial of benefits was reviewed under the heightened arbitrary and capricious standard.  Id. Regardless of its holding, Amitia is not binding upon this court as it is an unpublished decision. Judge Arleo read all of the briefs, considered the arguments made by counsel and abided by current Third Circuit precedent.  She explained that regardless of what standard is eventually applied to the merits, Plaintiff was only entitled to discovery outside of the administrative record pertaining to the conflict of interest.  (Tr. 23, May 15, 2006.)  Therefore, in the absence of Third Circuit opinions requiring a magistrate judge to make such determinations, Judge Arleo's findings were not "clearly erroneous" or "contrary to law."

Additionally, Judge Arleo did not err in determining that regardless of what standard of review  a district judge ultimately decides to apply to the merits of Plaintiff's case, Plaintiff's discovery requests outside the administrative record would be limited to the subject of conflict of interest between Prudential Insurance Company and Matheny School.  (Tr.  23, May 15, 2006.) As stated above, the Third Circuit **may** permit examination of evidence beyond what was before the plan administrator when there is a demonstrated conflict of interest, "procedural irregularity, bias, or unfairness in the review of claimant's application for benefits."  Kosiba, 384 F.3d

---

[4]The court granted the defendants' motion for summary judgment, denied the plaintiff's motion for summary judgment and granted the defendant's motion to strike exhibits because the court found the exhibits to be outside of the administrative record and thus could not be considered by the court.

at 64-66. Judge Arleo granted Plaintiff's discovery request pertaining to the conflict of interest between Prudential and Matheny. Plaintiff further requests discovery to determine procedural irregularities, the completeness of the administrative record and bad faith.

Regarding Plaintiff's claims of procedural irregularities, Plaintiff's attorney cites to Palmiotti v. Metro. Life Ins. Co., in support of her contention that the procedures and guidelines regarding how a claim is handled are discoverable. 2005 WL 552017 (March 9, 2005 S.D.N.Y). As Plaintiff contends, the court in Palmiotti did grant the plaintiff's request for "internal company documents demonstrating the procedures implemented during claims handling." (Pl. Br. 5.) While this case has no precedential value to this court, in 2006 the District Court for the Southern District of New York vacated that decision, holding that the magistrate judge granted broader discovery than permitted under ERISA and was incorrect in broadly interpreting the concept of relevance under the Federal Rules of Evidence. Palmiotti v. Metro. Life Ins. Co., 2006 WL 510387, at *6-8 (S.D.N.Y. 2006).

Plaintiff also cites to Otto v. W. Pa. Teamsters and Employers Pension Fund, to support her request for documentation indicating procedural irregularities. 127 Fed. Appx. 17, 21 (3d Cir. 2005). The Otto court stated that '[e]vidence beyond the administrative record may in certain circumstances be relevant and admissible as to issues... [of] conflict of interest, bias, or a pattern of inconsistent benefits decisions." Id. at 21 n. 7. However, **the court chose not to reach a determination as to whether the magistrate was correct or erred in granting additional discovery outside of the administrative record.** Id. (emphasis added). In Kosiba, the court of appeals determined that procedural irregularities did exist and permitted the district court to consider additional evidence on remand. 384 F.3d at 67-69. Judge Arleo considered

9

Plaintiff's requests for discovery as to procedural irregularities, as required by current case law. Nonetheless, as Judge Arleo noted during oral argument, the alleged procedural irregularities[5] in Plaintiff's case do not rise to the level of Kosiba.[6]  The irregularities in Kosiba were apparent prior to the court's determination that examination of evidence outside of the administrative record was permissible.  See id. at 68.  Plaintiff here has not indicated any facts that would raise an inference of procedural irregularity permitting the court to consider additional discovery. With respect to discovery as to an incomplete record or the existence of bad faith, Plaintiff fails to set forth with specificity how such discovery is warranted under Kosiba or any other controlling case law in this circuit.  Accordingly, Judge Arleo's ruling denying discovery on these issues was also not clearly erroneous or contrary to law.

## VII.  CONCLUSION

Federal Rule of Civil Procedure 72(a) provides that a United States Magistrate Judge's ruling with respect to a non-dispositive motion may be modified or set aside if the district court determines that the Magistrate Judge's ruling was clearly erroneous or contrary to law.  Judge Arleo's Order was neither clearly erroneous nor contrary to law.  Therefore, Plaintiff's Appeal of Judge Arleo's September 8, 2006 Order is DENIED.

s/Susan D. Wigenton, U.S.D.J.

---

[5] Plaintiff claims that Dr. Wallace's conclusions regarding Plaintiff were in contrast with a book he authored on the subject of Lupus and seeks to conduct his deposition.  (Pl. Br. in Opp'n to Defs. Mot. for Protective Order 34, Nov. 2, 2005.)

[6] In Kosiba, the plan administrator (the employer) requested an additional medical examination to be performed by a physician of its own choosing.  384 F.3d at 57.  The court found this to be irregular because it occurred during the appeals process, not during the initial determination, and because the plan administrator had delegated claims administration to an insurance company.  Id.